By the Court,
Savage, Ch.. J.
When it was proved that the witness had transferred all his stock, he was then devoid of any interest in the event of the suit, which is the point of inquiry when a witness is presented; whether he had so parted with his interest as to transfer it free from all encumbrances to the assignee is not the question. The rules and by-laws of a company which prohibit any transfer except upon the books of the company and upon notice, and sometimes all transfers, unless a certain number of days intervene before an election, have reference either to the right of voting, or to the security of the company by way of a lien upon the stock for any indebtedness of the stockholder, and do not incapacitate such stockholder from parting with his interest. The purchaser acquires the right of the property which the seller had. _ If the stock is under encumbrance, it remains so; if it cannot be voted upon unless transferred twenty days before an election, and the transfer is made ten days previous, then it cannot be represented in that election ; but the owner is not compelled to be owner against his will and against his interest. This very *question arose in the case of the Utica Bank v. Smalley, 2 Cowen, 770, where a witness, who in court after he was called to testify transferred-his stock in a bank, was held to be competent. The report must therefore be set aside for the error of the referees in excluding the witness. Upon the merits the court gave no opinion.